UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Brandsrud, | Case No. 22-cv-1959 (WMW/DJF) |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| Dawn Hespenheide and Donald Hedlund, | |
| Defendants. | |

This matter is before the Court on Defendants Dawn Hespenheide's and Donald Hedlund's (collectively, Defendants') motion to dismiss. (Dkt. 8.) For the reasons discussed below, the Court grants Defendants' motion.

## BACKGROUND

Plaintiff Scott Brandsrud is a resident of California. Defendants Dawn Hespenheide and Donald Hedlund are residents of Minnesota. The parties share a family member in common, Meloy Lee Brandsrud (Decedent), who died in 2020 and whose estate is the subject of this fraud action. Decedent's will names Hedlund as personal representative and Hespenheide as successor personal representative.

In December 2020, Brandsrud filed in Hennepin County District Court, Fourth Judicial District (Probate Court), a petition to formally probate Decedent's will and appoint him as personal representative, to which Hespenheide objected. In January 2021, Hespenheide also petitioned the Probate Court to formally probate Decedent's will and

appoint her as personal representative, to which Brandsrud objected on the basis that Hespenheide's petition was fraudulent and Decedent's will was invalid.

In September 2021, the Probate Court issued an order finding that Hespenheide had standing to pursue her petition and objections to Brandsrud's petition, that documents pertaining to Hedlund's renunciation as personal successor and Hespenheide's nomination as successor personal representative were fraudulent and that the issue of the validity of Decedent's will would be reserved for trial. The Minnesota Court of Appeals affirmed the decision of the Probate Court in May 2022, and the Minnesota Supreme Court denied Brandsrud's petition for further review in July 2022.

Shortly thereafter, Brandsrud initiated this matter, alleging fraud pursuant to Minnesota Statutes section 524.1-106 and seeking $1,000,000 in damages.

Trial in the Probate Court commenced in October 2022. After hearing testimony from Decedent's estate-planning attorney, Defendants and Brandsrud, the Probate Court concluded that Decedent's will is valid and would be probated. The Probate Court also denied Brandsrud's objections to Hespenheide's appointment as personal representative. Specifically, the Probate Court found that Hespenheide has standing to serve as Decedent's personal representative, that Hespenheide has priority to serve as Decedent's personal representative and that no compelling reason exists to disqualify Hespenheide from serving as Decedent's personal representative. In discussing Brandsrud's objections, the Probate Court observed that Brandsrud testified to filing the federal case currently before this Court to make things "very hard" on Hespenheide, and that this and other statements "make

[Brandsrud] appear as if he is a frivolous litigant as defined in Minnesota General Rules of Practice, §9.06(b)(3)."

Defendants now move to dismiss.

## ANALYSIS

A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. Fed. R. Civ. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

On a motion to dismiss, a district court may consider the complaint, exhibits attached to the complaint and documents that are necessarily embraced by the complaint, without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). "Documents necessarily embraced by the pleadings include documents whose contents are alleged in a complaint and whose authenticity no party questions," such as matters of public record referenced in the complaint, "but which are not physically attached to the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (internal quotation marks omitted).

3

Defendants move to dismiss on the basis that Brandsrud's claim is barred by the doctrine of res judicata, or, in the alternative, on the basis that Brandsrud's claim fails to state a claim on which relief can be granted.

## I. Res Judicata

The doctrine of res judicata prevents the litigation of claims that were raised or could have been raised in a prior suit. *See Banks v. Int'l Union Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004); *see also Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) (per curiam). "The law of the forum that rendered the first judgment controls the res judicata analysis." *St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.*, 539 F.3d 809, 821 (8th Cir. 2008) (citing 28 U.S.C. § 1738). Here, because the Probate Court, a state court in Minnesota, entered a final judgment, Minnesota law applies. *See In re Estate of Meloy Lee Brandsrud*, No. 27-PA-PR-20-1665 (Hennepin Cnty. Dist. Ct. Jan. 4, 2023).

Subsequent claims are barred under Minnesota law when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." *St. Paul Fire*, 539 F.3d at 821 (quoting *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004)). A judgment becomes final for the purposes of res judicata when the judgment is entered in the district court, and it remains final, despite a pending appeal, until the judgment is reversed, vacated or otherwise modified. *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 221 (Minn. 2007). When determining whether a party had a "full and fair opportunity

4

to litigate," a court considers whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate the issue fully, and whether effective litigation was limited by the nature or relationship of the parties. *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001).

### a. Same Set of Factual Circumstances

As to the first res-judicata factor, Brandsrud's claim before this Court arises out of the same transaction and occurrence as the claim in the prior Probate-Court case pertaining to the Decedent. Following a contested motion for summary judgment and a trial, the Probate Court determined that Decedent's will is valid and not fraudulent, and that Hespenheide has standing and priority to serve as Decedent's personal representative in the administration of Decedent's estate. Here, Brandsrud alleges a diversity-jurisdiction claim of fraud in the creation of Decedent's will and the appointment of personal representative to Decedent's estate. This fraud claim arises out of the same set of factual circumstances that were addressed by the Probate Court in the summary judgment and trial proceedings for *In re Estate of Brandsrud*. *See generally* No. 27-PA-PR-20-1665. For these reasons, the first res-judicata factor is satisfied.

### b. Same Parties

As to the second res-judicata factor, the Probate-Court case involved the same parties as the case before this Court, namely, Brandsrud and Defendants. The second res-judicata factor, therefore, also is satisfied.

### c. Final Judgment on the Merits

The Probate Court's trial order is a final judgment on the merits. Under Minnesota law, a judgment is final "when it is entered in the district court and it remains final, despite a pending appeal, until it is reversed, vacated or otherwise modified." *Brown-Wilbert*, 732 N.W.2d at 221. Here, the Probate Court issued its trial Order in the parties' state-court proceeding on January 4, 2023. This Order resolved the legal issues before the Probate Court and directed the entry of Judgment as to Hespenheide's appointment as personal representative of Decedent's estate and the formal probating of Decedent's will. *See In re Estate of Brandsrud*, at *14. As such, a final state-court judgment on the merits has occurred. The third res-judicata factor, therefore, is satisfied.

On January 12, 2023, Brandsrud filed a document titled "Objection to the Order of Probate filed on January 4, 2023." (Dkt. 26.) In this document, Brandsrud "gives notice" that he opposes this Court's use of or reference to the January 4, 2023, order when ruling on the pending motion to dismiss. Appended to the objection are two documents that appear to be Brandsrud's request for a new trial in the Probate Court and an affidavit in support of that request. After the Probate Court denied Brandsrud's request for a new trial (Dkt. 27-1), Brandsrud again purported to "object" to this Court's consideration of the Probate Court's orders. (Dkt. 29.) Brandsrud's challenge to the Probate Court's judgment is not appropriately brought in this Court, and his objections do not change the conclusion that there is a final judgment on the merits for purposes of res judicata.

### d. Full and Fair Opportunity to Litigate

Brandsrud had a full and fair opportunity to litigate the matter in the Probate Court. Neither party argues, and nothing in the record establishes, that Brandsrud encountered procedural limitations or lacked a strong incentive to fully litigate his claims and the attendant issues to those claims. *See Joseph*, 636 N.W.2d at 328. Rather, the allegations in the complaint present once again Brandsrud's arguments pertaining to the application of Minnesota's Uniform Probate Code to the facts of Decedent's estate, and not any arguments pertaining to the process by which the Probate Court resolved the parties' personal-representative petitions. Brandsrud argues that the Probate Court erred in its conclusion that subject-matter jurisdiction was proper and that the legal conclusions of the Probate Court were flawed. But a litigant's "disagreement with a legal ruling does not necessarily mean that the [prior] court denied the litigant a full and fair opportunity to litigate a matter." *Id.* at 329. Brandsrud's disagreement with the Probate Court's decision does not establish that Brandsrud was deprived of a full and fair opportunity to litigate this matter before the Probate Court. For these reasons, the fourth res-judicata factor is satisfied.

Because the face of the complaint and the documents necessarily embraced by the complaint establish that all four res-judicata factors are satisfied in this matter, the Court must give full faith and credit to the state court's judgment. *See Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010) (citing 28 U.S.C. § 1738). Brandsrud's claim is barred by res judicata, and the complaint must be dismissed. Accordingly, the Court grants Defendants' motion to dismiss on the basis of res judicata.

## II.     Failure to State a Claim

Because res judicata provides an independent and sufficient basis for dismissal, the Court need not address Defendants' remaining arguments.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.     Defendants Dawn Hespenheide's and Donald Hedlund's motion to dismiss, (Dkt. 8), is **GRANTED**.

2.     Plaintiff Scott Brandsrud's complaint, (Dkt. 1), is **DISMISSED** without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 15, 2023               s/Wilhelmina M. Wright  
                                        Wilhelmina M. Wright  
                                        United States District Judge